UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
ERIC J. WILLIAMS,

                           Plaintiff                        **REPORT AND**
                                                                            **RECOMMENDATION**
              -against-                        18-CV-5104 (JS) (ARL)

CLIENT SERVICES, INC.,

                         Defendant.
---------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the Court, on referral from District Judge Seybert, is the motion of the defendant, Client Services, Inc. ("CSI"), for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c). For the reasons set forth below, the undersigned respectfully recommends that CSI's motion be granted.

## BACKGROUND

### A.     Factual Averments

      The following facts are drawn from the complaint. The plaintiff, Eric Williams ("Williams"), is a resident of Suffolk County, New York. Compl. ¶5. CSI is a debt collector with a with a principal place of business in Saint Charles County, Missouri. *Id*. ¶¶ 7-9. According to the complaint, Williams owed a debt that was primarily for personal, family, or household purposes. *Id*. ¶ 11. At some point, the debt was assigned or otherwise transferred to CSI for collection. *Id*. ¶ 13. In its efforts to collect the debt, CSI contacted Williams by letter dated October 4, 2017 (the "collection letter"). *Id*. ¶ 14, Ex. A. The collection letter was sent on CSI letterhead and set forth the following:

      RE:  CHASE BANK USA, N.A.
      ACCOUNT NUMBER: XXXXXXXXXXXX1909
      BALANCE DUE: $747.95

REFERNECE NUMBER: XXXX3377

**DEBT VALIDATION NOTICE**

The above account has been placed with our organization for collections.

| | |
|---|---|
| Balance Due At Charge-Off: | 747.95 |
| Interest Post-Charge Off: | 0.00 |
| Other Charges Post-Charge Off: | 0.00 |
| Payments Made Post-Charge-Off: | 0.00 |
| Current Balance: | 747.95 |

Unless you notify our office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

We look forward to working with you in resolving this matter.

Mike Crafts

*Id.* Ex. 1. The collection letter also stated in in all capital letters "This Communication is from a Debt Collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose." *Id.* Finally, the letter advised Williams that:

> In accordance with the Fair Debt Collection Practices Act , 15 U.S.C. § 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: the use or threat of violence, the use of obscene or profane language, and repeated phone calls made with the intent to annoy , abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: supplemental security income (SSI), social security, public assistance (welfare), spousal support including maintenance (alimony) or child support, unemployment benefits, disability benefits, workers' compensation benefits, public or private pensions, veterans' benefits, federal student loans,

>federal student grants, federal work study funds, and ninety percent of your wages or salary earned in the last sixty days.

*Id.*

Notwithstanding the information provided by CSI, Williams contends that the collection letter failed to clearly or explicitly convey the name of the creditor to whom the debt was owed. *Id*. ¶¶ 20-41. He further alleges that because the collection letter failed to identify the creditor it was deceptive. *Id.* ¶¶ 49-55.

### B. Procedural History

On September 10, 2018, Williams commenced this action, alleging violations of Sections 1692e and 1692g of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692g ("FDCPA"). ECF No. 1. CSI answered the complaint on October 1, 2018. ECF No. 4. However, CSI now contends that William's claims fail as a matter of law. Accordingly, CSI has filed the instant motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12 (c).

## DISCUSSION

### A. Standard of Review

A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *See Hogan v. Fischer*, 738 F.3d 509, 514-15 (2d Cir. 2013). The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing a motion to dismiss. District courts are to first "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a

3

court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [d]efendant has acted unlawfully." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).).

"The purpose of Rule 12(b)(6) [or Rule 12(c)] is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits. The Rule thus assesses the legal feasibility of the complaint but does not weigh the evidence that might be offered to support it." *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006). Thus, in adjudicating a motion under Rule 12(c), "a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated by reference, and to matters of which judicial notice may be taken." *Serdarevic v. Centex Homes, LLC,* 760 F. Supp. 2d 322, 328 (S.D.N.Y. 2010) (quotation omitted); *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).

### B. Analysis

In his first cause of action, Williams complains that the collection letter does not clearly or explicitly identify the entity to whom the alleged debt was owed. Specifically, Williams asserts that the words "Re: Chase Bank USA, N.A." are insufficient to identify creditor. Compl. ¶¶ 26-32. In his second cause of action, Williams similarly alleges that the letter is deceptive because it fails to identify the creditor, which, he says, affects how a consumer responds to a debt

4

collector's attempts to collect the debt. For these reasons, Williams contends that CSI violated sections 1962g and 1692e of the FDCPA. The undersigned disagrees.

The FDCPA was enacted to protect consumers from deceptive or harassing practices utilized by debt collectors. *See Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002). The Act also seeks "to [e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Iadevaio v. LTD Fin. Servs., L.P.,* No. 17CV4112JFBSIL, 2019 WL 4094922, at *3 (E.D.N.Y. Aug. 29, 2019)(citing 15 U.S.C. § 1692(e)). "To determine whether a debt collector's communication violates the FDCPA, courts apply an objective test based on the understanding of the 'least sophisticated consumer." *Id.* (citing *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 62 (2d Cir. 1993)). To this end, "courts must analyze 'collection letters from the perspective of a debtor who is uninformed, naïve, or trusting, but is making basic, reasonable and logical deductions and inferences.'" *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15 CV 4356 SJF ARL, 2016 WL 6069180, at *3 (E.D.N.Y. Oct. 17, 2016)(citing *Dewees, v Legal Servicing, LLC*, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007)). By using this standard, courts in this circuit are able "to protect the naive from abusive practices while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters." *Iadevaio* 2019 WL 4094922, at *3.

Pursuant to Section 1692g of the FDCPA, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication . . . send the consumer a written notice containing" certain enumerated information including the name of the creditor to whom the debt is owed. 15 U.S.C.A. § 1692g (West); *McGinty*, 2016 WL 6069180, at *4 (a

5

debt collection letter must contain the name of the creditor to whom the debt is owed and clearly and effectively convey the creditor's role in connection with the debt). Pursuant to Section 1692e of the FDCPA, debt collectors are prohibited from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. That section includes "a non-exhaustive list of prohibited conduct, including, [for example,] (1) 'the false representation of the character, amount, or legal status of any debt,' and (2) '[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Iadevaio*, 2019 WL 4094922, at *4 (internal citations omitted).

The crux of Williams's argument, here, is that merely listing Chase Bank USA, N.A ("Chase") in the subject line without specifically identifying Chase as the current creditor to whom the debt is owed is insufficient. As indicated above, "[i]n the Second Circuit, when analyzing whether a communication violates the FDCPA, 'courts apply an objective standard based on the 'least sophisticated consumer.'" *Eger v. Sw. Credit Sys.*, L.P., No. 17 CV 819 SJF AYS, 2019 WL 1574802, at *4 (E.D.N.Y. Apr. 11, 2019) (citing *Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007)). However, the Second Circuit has not directly addressed how clearly a debt collection notice must identify the name of the creditor to satisfy that standard and the courts appear to be split. *See id.* Several judges in this district have found collection letters to be in violation of § 1692g(a)(2) for merely stating RE and the name of an entity in a collection letter. *Id.* (citing *Taylor v. MRS BPO, LLC,* No. 17-cv-1733, 2017 WL 2861785, at *3 (E.D.N.Y. July 5, 2017)). Other judges, including the undersigned, have determined that potential label confusion by use of the "RE" can be alleviated by the collection

6

agency's plain statement that it is attempting to collect a debt on behalf of an "above referenced client.'" *Id.* (citing *Wright v. Phillips & Cohen Assocs., Ltd.*, No. 12-cv-4281, 2014 WL 4471396, at *5 (E.D.N.Y. Sept. 10, 2014)); *Lugo v. Forster & Garbus, LLP*, No. 19CV01435ARRCLP, 2019 WL 5303957, at *2 (E.D.N.Y. Oct. 21, 2019); *Stehly v. Client Servs., Inc.*, No. 18-cv-05103 (DRH) (ARL), 2019 WL 2646664, at *4 (E.D.N.Y. June 27, 2019); *Ocampo v. Client Servs., Inc.*, No. 18-CV-4326 (BMC), 2019 WL 2881422, at *2 (E.D.N.Y. July 3, 2019). The latter cases emphasize that in determining whether a collection letter violates § 1692g(a)(2), debt collection letter must be analyzed as a whole. *See Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007).

In this case, the undersigned finds the collection letter sent by CSI was sufficient. A collection letter is considered to be deceptive when it can reasonably be read to have two or more different meanings, one of which is inaccurate." *Iadevaio* 2019 WL 4094922, at *3. This collection letter opens with the following language:

> The above account has been placed with our organization for collections.
>
> | | |
> |---|---|
> | Balance Due At Charge-Off: | 747.95 |
> | Interest Post-Charge Off: | 0.00 |
> | Other Charges Post-Charge Off: | 0.00 |
> | Payments Made Post-Charge-Off: | 0.00 |
> | Current Balance: | 747.95 |

ECF No.1, Ex.1. The amount of the debt corresponds to the amount in the subject line which also contains the name of a bank and a specific account number. An account number is a unique identifier that strongly suggests that the entity is the current creditor. *Eger,* 2019 WL 1574802, at *5. "[E]ven the least sophisticated consumer is assumed to know how to verify his or her account by cross-referencing it to the account number provided." *See id*. (citing *Taylor v. MRS*

7

*BPO, LLC,* No. 17-cv-1733, 2017 WL 2861785, at *3 (E.D.N.Y. July 5, 2017)). Indeed, Williams has failed to identify any other "reasonable" interpretations of CSI's letter which would suggest that someone other than Chase was the creditor. He argues, in this regard, that because CSI failed to explain its relationship with Chase within the body of the letter, the least sophisticated consumer may have believed that CSI was the creditor not Chase. This argument is belied by the fact that CSI clearly identifies itself as a collection agency. Notably, CSI also provided Williams an opportunity to request the name and address of the original creditor, if different from "the current creditor listed on the letter," that being Chase Bank USA, N.A. That offer would be nonsensical if CSI was, as William suggests, the current creditor. Accordingly, while it would have been preferable to refer to Chase Bank USA, N.A. as both a creditor and a client in the body of the letter, read as a whole, the undersigned finds the collection letter complied with Sections 1692e and 1692g of the FDCPA. Therefore, the Court respectfully recommends that the defendant's motion be granted.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF. Any requests for an extension of time for filing objections must be directed to Judge Seybert prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997);

8

*Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:   Central Islip, New York
         May 26, 2020

                                  _____/s_____
                                  ARLENE R. LINDSAY
                                  United States Magistrate Judge