```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ERIC J. WILLIAMS,

                        Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           18-CV-5104(JS)(ARL)

CLIENT SERVICES, INC.,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      Jonathan Mark Cader, Esq.
                    Craig B. Sanders, Esq.
                    David M. Barshay, Esq.
                    Barshay Sanders, PLLC
                    100 Garden City Plaza, Suite 500
                    Garden City, New York 11530

For Defendant:      Brendan Hoffman Little, Esq.
                    Lippes Mathias Wexler Friedman LLP
                    50 Fountain Plaza, Suite 1700
                    Buffalo, New York 14202

                    Thomas Daniel Latin, Esq.
                    Sheehen Greene
                    99 Pine Street, Suite 402
                    Albany, New York 12207
```

SEYBERT, District Judge:

Plaintiff Eric J. Williams ("Plaintiff") commenced this action against defendant Client Services, Inc. ("Defendant"), a debt collector, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. ("Section 1692"). (Compl., D.E. 1.) By Report and Recommendation dated May 26, 2020, Magistrate Judge Arlene R. Lindsay recommended that the Court grant Defendant's motion for judgment on the pleadings

pursuant to Federal Rule of Civil Procedure 12(c).  ("R&R," D.E. 25; Mot., D.E. 19.)  Plaintiff timely filed objections.  (Obj., D.E. 26; Obj. Opp., D.E. 27.)  For the following reasons, Plaintiff's objections are OVERRULED, the R&R is ADOPTED, and Defendant's motion is GRANTED.

BACKGROUND

The Court presumes the parties' familiarity with the factual background as set forth in the R&R.  In brief, Plaintiff allegedly owes a debt that was assigned or otherwise transferred to Defendant for collection.  (See generally Compl.)  In an attempt to collect the debt, on or around October 4, 2017, Defendant sent Plaintiff a collection letter.  (Oct. 4, 2017 Letter, D.E. 1-1, (the "Letter").)  The top left corner of the Letter states:

    RE: CHASE BANK USA, N.A.
    ACCOUNT NUMBER: XXXXXXXXXXXX1909
    BALANCE DUE: $747.95
    REFERENCE NUMBER: [REDACTED]3377

(Letter at 1.)  Under "Debt Validation Notice," the Letter provides the "Current Balance" and states, among other things, that "[t]he above account has been placed with our organization for collections."  (Letter at 1.)

The Complaint asserts two claims: (1) the Letter failed to explicitly, or clearly, provide the name of the creditor to whom the debt is owed, in violation of Section 1692g(a)(2) (Compl., Count I, ¶¶ 17-41); and (2) by failing to identify the creditor,

the Letter is deceptive because it can be reasonably read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, in violation of Section 1692e (Compl., Count II, ¶¶ 42-55).

## PROCEDURAL HISTORY

On November 15, 2019, Defendant filed the pending motion for judgment on the pleadings, which Plaintiff opposed. (See Def. Br., D.E. 19-1; Pl. Opp., D.E. 20; Def. Reply, D.E. 21.) Defendant argued, among other things, that the least sophisticated consumer understands that the Letter adequately identifies Chase Bank USA, N.A. ("Chase") as the creditor to whom the debt is owed. (See Def. Br at 4-9.) The Court referred the motion to Judge Lindsay for a R&R. (See Apr. 7, 2020 Elec. Order.) The parties thereafter provided filed notices of supplemental authorities. (Def. Suppl. Ltr., D.E. 22; Pl. Suppl. Ltr., D.E. 23; Def. Suppl. Reply, D.E. 24.)

On May 26, 2020, Judge Lindsay issued the R&R recommending that the Court grant Defendant's motion in its entirety. (See generally R&R.) Judge Lindsay stated that "the Second Circuit has not directly addressed how clearly a debt collection notice must identify the name of the creditor" and the "courts appear to be split." (R&R at 6.) She explained that, on one hand, courts "have found collection letters to be in violation of § 1692g(a)(2) for merely stating RE and the name of an entity

in a collection letter." (R&R at 6 (citation omitted).) On the other hand, several courts, including Judge Lindsay, "have determined that potential label confusion by use of the 'RE' can be alleviated by the collection agency's plain statement that it is attempting to collect a debt on behalf of an 'above referenced client.'" (R&R at 6-7 (citations omitted).) Judge Lindsay analyzed the Letter in its entirety and found that (1) the Letter sufficiently identified Chase as the creditor and (2) Plaintiff failed to identify "any other 'reasonable' interpretation" that "would suggest that someone other than Chase was the creditor." (R&R at 7-8.) Thus, the collection letter complied with Sections 1692e and 1692g of the FDCPA. (R&R at 8.)

## ANALYSIS

I.  Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72. The district judge must evaluate proper objections de novo however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." FED. R. CIV. P. 72(b)(3); Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks and citation omitted).

II. Discussion

As articulated by Plaintiff, the "primary issue" is whether the Letter "adequately stated the name of the creditor to whom Plaintiff's alleged debt is owed." (Obj. at 1.) Plaintiff distinguishes the cases cited in the R&R (Obj. at 6-10) and argues that Judge Lindsay should have found that the Letter falls under the line of cases holding that "merely stating 'RE:' followed by the name of an entity" is insufficient under Section 1692g(a)(2) (Obj. at 1, 5-6). Defendant responds that the Letter complies with the FDCPA because it "provides enough information that a consumer, even the least sophisticated consumer, can reasonably infer 'the name of the creditor to whom the debt is owed'" and "the test is not whether this case is identical to others previously decided." (Obj. Opp. at 2-4.)

Although Plaintiff recites many of the same arguments offered in the underlying brief, the Court adopts the R&R under de novo review. Pursuant to Section 1692g(a)(2), a debt collection letter must contain "the name of the creditor to whom the debt is owed." The law is clear: "[i]n determining whether a collection letter violates § 1692g(a)(2), '[t]he court's role is to assess whether the 'least sophisticated consumer' who read[s] the entire letter would have been aware that the name of the creditor appeared in the letter.'" Eger v. Sw. Credit Sys., L.P., No. 17-CV-0819, 2019 WL 1574802, at *4 (E.D.N.Y. Apr. 11, 2019) (quoting Dewees v.

5

Legal Servicing, LLC, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007) and citing McStay v. I.C. Sys., Inc., 308 F.3d 188, 191 (2d Cir. 2002)) (alterations in original). Thus, because "letters must be read in their entirety, the use of a potentially misleading label may be cured by other language within the letter that alerts even the least sophisticated consumer to the identity of the creditor to whom the debt is owed." Eger, 2019 WL 1574802, at *5 (further citations omitted).

When applying the above-referenced standard to the facts of this case, the Court agrees with the reasoning in the R&R that the Letter complies with the FDCPA when read as a whole. Indeed, for the reasons outlined by Judge Lindsay in the R&R (see R&R at 7-8), "the Letter in the present case does not suffer from th[e] critical shortcoming[s]" as the letters in the cases cited by Plaintiff.[1] Eger, 2019 WL 1574802, at *6; (see, e.g., Obj. at 4 n.5.)

Although Plaintiff describes Ocampo v. Client Services, Inc., No. 18-CV-432, 2019 WL 2881422 (E.D.N.Y. July 3, 2019) as a "rogue decision," the Court finds Ocampo particularly persuasive. (Obj. at 8.) Here, as in Ocampo, the Letter states "RE: Chase Bank USA, N.A.," and identifies the account number and balance due, which "especially in conjunction with the name of the

---

[1] Further, the cases cited by Plaintiff underscore that collection letters must be reviewed in their entirety.

6

creditor--is sufficient information for even the least sophisticated consumer to understand that the debt collection letter is attempting to collect a debt." Ocampo, 2019 WL 2881422, at *2. Indeed, the least sophisticated consumer would understand that he has a debt with Chase and can match the account "with the account number on the letter." Id. Moreover, "[i]t would be particularly difficult for the least sophisticated consumer to be confused about who the creditor is because there is no other entity even mentioned in the [L]etter, besides defendant," and "the least sophisticated consumer would be able to infer that defendant is the debt collector, not the creditor." Id.

What is more, the Letter clearly invites Plaintiff to inquire as to the "name and address of the original creditor, if different from the current creditor." (Letter at 1.) Therefore, it logically follows that while the Letter does not use the word "creditor," the context and contents of the Letter "implicitly mak[e] clear" that Chase is the creditor. Lugo v. Forster & Garbus, LLP, No. 19-CV-1435, 2019 WL 5303957, at *3 (E.D.N.Y. Oct. 21, 2019) (collecting cases). Therefore, Defendant is entitled to judgment on the pleadings as to Plaintiff's claims under Section 1692g(a)(2).[2]

---

[2] The Complaint alleges that the "Debt was primarily for personal, family or household purposes," and "[s]ometime after the incurrence of the Debt, Plaintiff fell behind on payments owed." (Compl. ¶¶ 11-12.) Thus dismissal is appropriate for

7

The Court also declines Plaintiff's invitation to adopt the "unsophisticated consumer" standard recently articulated by the Seventh Circuit in Steffek v. Client Services, Inc., 948 F.3d 761 (7th Cir. 2020). (See Obj. at 10-11.) "In the Second Circuit, 'the question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.''" Kolbasyuk v. Capital Mgmt. Servs., LP, 918 F.3d 236, 239 (2d Cir. 2019) (quoting Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008)). At this juncture, there is no valid reason to depart from the "least sophisticated consumer" standard.

Plaintiff further argues, as he did in his underlying brief, (1) that the Court should ignore that Defendant identified itself as a debt collector because under Section 1692e it was required to identify itself as a debt collector[3] (Obj. at 8-9; Pl.

---

the added reasons that "[t]he Court presumes the least sophisticated consumer would have knowledge about" a debt where he has "incur[ed] goods and/or services costing [hundreds] of dollars; and, thereafter, falls behind" on payments. Campagna v. Client Servs., Inc., No. 18-CV-3039, 2019 WL 6498171, at *8 (E.D.N.Y. Dec. 3, 2019).

[3] The Court questions Plaintiff's request that the Court ignore Defendant's compliance with the FDCPA by identifying as a debt collector. To do so would render Section 1692e(11)'s requirements superfluous and undermine the FDCPA's ultimate purpose: "to eliminate abusive debt collection practices by debt collectors . . . ." 28 U.S.C. 1692(e). In any event, because the Court is required to review the Letter in its entirety, as stated supra, it cannot ignore that Defendant clearly identified

Opp. at 11), and (2) because the Letter states that the debt had been "charged off," the least sophisticated consumer "understands that charged off debts are often sold on the secondary market" and therefore may "assume that Defendant is now the creditor to whom the debt is owed" (Obj. at 9-10; Pl. Opp. at 19-20). Here, the Court finds that Plaintiff has "merely reiterated [his] original arguments" and reviews this portion of the R&R for clear error. Media Glow Digital, LLC v. Panasonic Corp. of N. Am., No. 16-CV-7907, 2019 WL 1434311, at *3 (S.D.N.Y. Mar. 29, 2019). Finding no clear error, the Court OVERRULES these objections.

Finally, Section 1692e prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." For the reasons stated herein, the Court finds that "the provision of the consumer's account number with the creditor, in conjunction with naming the creditor, [ ] eliminates the possibility that the Letter could be reasonably read by the least sophisticated consumer to have two or more different meanings, one of which is inaccurate." Eger, 2019 WL 1574802, at *6. Thus, Plaintiff's claims under Section 1692e must be dismissed.

---

itself as a debt collector, and not a creditor, as required by the FDCPA.

CONCLUSION

Therefore, Defendant's motion for judgment on the pleadings (D.E. 19) is GRANTED, Plaintiff's objections (D.E. 26) are OVERRULED, and the R&R (D.E. 25) is ADOPTED in its entirety. The Clerk of the Court is directed to enter judgment accordingly and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated:   July   29  , 2020  
         Central Islip, New York